**Abated and Opinion Filed August 18, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01131-CR

### RAY DON WILSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 291ST Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F18-75289-U

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

Appellant Ray Don Wilson was convicted by a jury of murder and sentenced to seventy years' imprisonment. On appeal, appellant's counsel filed an *Anders* brief in which she concluded there were "no non-frivolous grounds for appeal." Thereafter, appellant filed a pro se response arguing ineffective assistance of counsel by both his trial and appellate counsel and prosecutorial misconduct by the State.

When an appellate court receives an *Anders* brief from an appellant's court-appointed attorney asserting that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders v. California*, 386 U.S. 738, 744 (1967) (emphasizing the reviewing

court, and not appointed counsel, determines whether the case is "wholly frivolous" after fully examining the proceedings); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting *Anders*). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Anders*, 386 U.S. at 744.

If, after conducting an independent review of the record, we conclude that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). However, if we conclude "either that appellate counsel has not adequately discharged [her] constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts," we must abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza*, 206 S.W.3d at 689; see also *Crowe v. State*, 595 S.W.3d 317, 318–19 (Tex. App.—Dallas 2020, no pet.) (recognizing and applying these rules).

This Court takes its obligations under *Anders* seriously and we strictly enforce the requirements of *Anders*. *Arevalos v. State*, No. 05-19-00466-CR, 2020 WL

5087778, at *2 (Tex. App.—Dallas Aug. 28, 2020, no pet.) (mem. op., not designated for publication); *see also Celaya v. State*, No. 05-18-00391-CR, 2020 WL 4251249, at *2 (Tex. App.—Dallas July 24, 2020, no pet.) (mem. op., not designated for publication) (stating this Court "has grown weary of pro forma *Anders* briefs that do not reflect that appellate counsel has conducted a conscientious and thorough review of the law and the facts in full compliance with the requirements of *Anders*.").

After conducting an independent review of the record in this case, we conclude that appointed counsel has not met her obligations under *Anders*. For example, while appointed counsel discusses many of the objections made by defense counsel, she does not discuss any of the State's objections and the trial court's rulings thereon. An *Anders* brief filed in a contested case must describe **any** objections raised and ruled on during trial and "discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court." *High v. State,* 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978). Nothing in *Anders* or *High* limits that discussion to only defense objections. *Arevalos*, 2020 WL 5087778, at *3. Indeed, the necessity of discussing the State's objections and the rulings thereon becomes increasingly clear if those objections and rulings prevented

the defense from admitting evidence or pursuing a line of questioning, cross-examination, or impeachment of any witness.[1] *Id.*

This example is a mere illustration of matters that remain to be investigated in this record. We note that this case was a jury trial to determine whether appellant is guilty of murder, and the record contains many objections and rulings that were adverse to appellant. While we express no opinion about whether there are meritorious issues in this case, we are not satisfied that the brief filed by appointed counsel is based upon the type of review envisioned by *Anders*, i.e., a conscientious and thorough review of the law and facts. *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 407-08. Consequently, we grant appointed counsel's motion to withdraw and strike the amended *Anders* brief filed by appointed counsel.

We remand this case to the trial court and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *Anders* and *High*.

---

[1] The trial court sustained numerous objections lodged by the State during appellant's cross-examination of Officer Jeffrey Abeare, surrounding cell phone messages from the victim to appellate, potentially preventing appellant's trial counsel from presenting self-defense evidence.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We remove this appeal from the submission docket and abate the appeal for the trial court to comply with the dictates of this opinion.

/Erin A. Nowell//
ERIN A. NOWELL
191131f.u05                                    JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)